# IN THE COURT OF APPEALS OF IOWA

No. 19-1054
Filed November 6, 2019

**IN THE INTEREST OF A.C.,**
**Minor Child,**

**T.K., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

　　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　　Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

　　　ConGarry Williams of the State Public Defender Office, Des Moines, guardian ad litem for minor child.

　　　Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

In this appeal of an order terminating parental rights, a mother challenges the statutory ground for termination and the finding that termination is in the child's best interests. She also seeks to avoid termination based on one of the grounds set forth in Iowa Code section 232.116(3) (2018). We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

We must first determine whether the State proved the ground for terminating the mother's parental rights. *See id.* at 472-73. The evidence establishes the first three requirements for termination under section 232.116(1)(f), which relate to the child's age, a child-in-need-of-assistance (CINA) adjudication, and the child's removal from the parent's care. The question is whether the State proved that returning the child to the parent at the time of the termination hearing would expose the child to a harm that would lead to a new CINA adjudication. *See* Iowa Code § 232.116(1)(f)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (observing that a child cannot be returned to the custody of the parent under section 232.102 if doing so would exposed the child to any harm amounting to a new CINA adjudication). Clear and convincing evidence shows the child could not be returned to the mother's care at the time of the termination hearing because the mother was in jail for violating her probation by using marijuana and methamphetamine and would remain there awaiting placement in a residential treatment facility. *See In re S.J.*,

620 N.W.2d 522, 526 (Iowa Ct. App. 2000) (noting immediate reunification between parent and child is impossible when the parent remains incarcerated at the time of the termination hearing).

Having found clear and convincing evidence to terminate under section 232.116(1)(f), we must next determine whether termination is in the child's best interests. *See A.S.*, 906 N.W.2d at 473. Considering "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child," *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)), we agree that termination is in the child's best interest. The substance-use issues that led to the CINA adjudication continued to the time of termination. Although the mother failed to maintain sobriety, she minimized her substance use and denied needing inpatient treatment.

Finally, we consider whether any of the circumstances listed in section 232.116(3) applies and, if so, whether it weighs against terminating parental rights. *See A.S.*, 906 N.W.2d at 473. The mother argues section 232.116(3)(a) applies because the child is in the legal custody of a relative. But that relative strongly opposes a guardianship or reunification and declined to serve as guardian if the court pursued that alternative. This section does not weigh against termination. And the two other grounds the mother urges do not apply; the child is not over ten years old, and we need not consider any objection the child may have to termination. *See* Iowa Code § 232.116(3)(b). Nor is there evidence that termination of the mother's parental rights would harm the child based on the closeness of their relationship. *See id.* § 232.116(3)(c).

Having considered the mother's arguments on appeal and found them to lack merit, we affirm the termination of the mother's parental rights.

**AFFIRMED.**